IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. McMEEKIN, | ) |
| Plaintiff, | ) No. 2:23-310 |
| v. | ) Judge Robert J. Colville |
| ALLSTATE INSURANCE COMPANY, d/b/a ALLSTATE, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is a Motion to Dismiss (ECF No. 6) filed by Defendant Allstate Insurance Company d/b/a Allstate ("Allstate"). Allstate moves to dismiss with prejudice Count II (Bad Faith Insurance Practices-- 42 Pa. C.S. § 8371); Count III ("Bad Faith Insurance Practices"); Count IV (Unfair Trade Practices); and Count V (Violation of 75 Pa.C.S. § 1716) of Plaintiff's Complaint (ECF No. 1-1), arguing that Plaintiff has failed to state a claim upon which relief can be granted with respect to those claims. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a). The Motion to Dismiss has been fully briefed and is ripe for disposition.

**I.     Factual Background & Procedural History**

Plaintiff's claims in this matter arise out of Allstate's handling of an underinsured motorist ("UIM") insurance claim submitted by Plaintiff. In the Complaint, Plaintiff sets forth the following factual allegations relevant to the Court's consideration of the Motion to Dismiss:

1

Plaintiff's father purchased an automobile insurance policy (the "Policy") from Allstate that included $50,000/$100,000 stacking underinsured motorist bodily injury limits for four (4) vehicles listed in the Policy. Compl. ¶¶ 7-9, ECF No. 1-1. Plaintiff was listed as an insured driver under the Policy. *Id.* ¶¶ 6-7. Plaintiff was involved in an automobile accident on October 16, 2015, wherein a vehicle operated by Jaynesh Bhorwani struck the back of Plaintiff's vehicle. *Id.* at ¶¶ 10-13. Plaintiff avers that, at the time of the accident, Plaintiff was operating his vehicle in a non-negligent manner and Mr. Bhorwani was operating his vehicle in a negligent manner. *Id.* at ¶¶ 13; 15. Plaintiff asserts that he sustained serious injuries as a result of the accident, which he again attributes to the other driver's negligence. *Id.* at ¶¶ 14; 17-20.

Plaintiff, by and through counsel, submitted a notice of an underinsured motorist claim to Allstate on February 20, 2017 by way of a letter of representation directed to one of Allstate's insurance adjusters. Compl. ¶ 16, ECF No. 1-1. Following receipt of that letter, Allstate took no action to evaluate or investigate Plaintiff's claim, did not make prompt payment on the claim, and failed to make any offer whatsoever on the claim despite Plaintiff's injuries. *Id.* at ¶¶ 22-26. On May 7, 2021, Plaintiff's counsel, despite purportedly having no duty to do so, provided Allstate with extensive documentation supporting Plaintiff's UIM claim. *Id.* at ¶¶ 27-28. Plaintiff asserts that Allstate failed to investigate the claim outside of Plaintiff's own production of information. *Id.* at ¶ 29.

On May 14, 2021, Allstate's claims adjuster/representative sent a letter to Plaintiff summarily denying Plaintiff's claim without adequate analysis or explanation. Compl. ¶¶ 30-31, ECF No. 1-1. The letter further stated that Allstate believed that Plaintiff would be fully compensated by the "$100,000 tort credit ahead of us,"[1] and, in Plaintiff's estimation, ignored and

---

[1] Plaintiff's Brief in Opposition makes clear that the "$100,000 tort credit" refers to the insurer credit that would be created by a potential settlement of Plaintiff's underlying tort action with the driver of the other vehicle. *See* Br. in

minimized the extent of Plaintiff's injuries and subsequent treatment. *Id.* at ¶ 31. More specifically, while Allstate acknowledged Plaintiff's neck and back pain, it took the position that Plaintiff's testicular and scrotal pain was unrelated to the subject accident, and further asserted that Plaintiff's accident-related injuries had ceased due to the subsequent occurrence of an additional accident. *Id.* at ¶ 32. Allstate took these positions despite Plaintiff having previously provided medical expert opinions tying Plaintiff's injuries to the accident at issue in this case and further stating that Plaintiff's injuries were ongoing. *Id.* at ¶¶ 33-34.

In August of 2022, Plaintiff settled his underlying tort action with the driver of the other vehicle for $95,000.00, near the other driver's policy limits. Compl. ¶ 35, ECF No. 1-1. To date, Allstate has still not made an offer on Plaintiff's claim. *Id.* at ¶¶ 36-37. Plaintiff avers that, in doing so, Allstate has "subordinated its obligations to Plaintiff, to its own financial profits, in violation of all duties incumbent upon it[,]" and that Allstate's position has led to "severe, ongoing financial hardship for Plaintiff." *Id.* at ¶¶ 38-39.

Allstate removed this action to this District on February 24, 2023. In addition to the four counts that Allstate has moved to dismiss, Plaintiff has also asserted a claim for breach of contract at Count I. Allstate filed its Motion to Dismiss, along with a Brief in Support (ECF No. 7), on March 3, 2023. Plaintiff filed a Brief in Opposition (ECF No. 11) on March 23, 2023.

**II.      Legal Standard**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail

---

Opp'n 2, ECF No. 11 ("In so doing, Defendant, through its claims representative, stated that he felt Plaintiff would be compensated by the settlement of the third-party claim."). As the Court will note, Plaintiff ultimately settled that case for $95,000.00. Compl. ¶ 35, ECF No. 1-1.

on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-

> pleaded factual allegations, [the] court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556
> U.S. at 679.

*Connelly*, 809 F.3d at 787.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Although a district court is not obligated to permit leave to amend before dismissing a complaint in a non-civil rights case, *Wolfington v. Reconstructive Orthopaedic Assocs. II P.C.*, 935 F.3d 187, 210 (3d Cir. 2019), courts generally grant leave to amend unless amendment of the complaint would be inequitable or futile.  *See, e.g., Bachtell v. Gen. Mills, Inc.*, 422 F. Supp. 3d 900, 915 (M.D. Pa. Oct. 1, 2019) (citing *Phillips v. Allegheny Cty.*, 515 F.3d 224, 245 (3d Cir. 2008)).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  The United States Court of Appeals for the Third Circuit has explained:

> Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." *Lum v. Bank of America*, 361 F.3d 217, 223–224 (3d Cir.2004).  To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.

*Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

**III.     Discussion**

Initially, the Court notes that Plaintiff does not oppose Allstate's Motion to Dismiss in its entirety.  Plaintiff consents to the dismissal of his general bad faith claim at Count III, conditioned on Allstate having acknowledged that Plaintiff may pursue his allegations of bad faith under a breach of contract theory and/or pursuant to 42 Pa.C.S. § 8371.  Br. in Opp'n 7, ECF No. 11.  In this Court's estimation, Allstate has so acknowledged, though it has certainly argued that there are other independent bases for the dismissal of Plaintiff's claims related to bad faith insurance practices.  The Court will grant Allstate's Motion to Dismiss as to Count III, and Count III will be dismissed with prejudice as duplicative of Plaintiff's claims at Counts I and II.  Plaintiff further agrees that his claim at Count V under 75 Pa.C.S. §1716 "should not properly be included in the Complaint."  Br. in Opp'n 10, ECF No. 11.  Given the same, the Court will grant Allstate's Motion to Dismiss as to Count V, and Count V will be dismissed with prejudice for failure to state a claim.

**A.  Count II (Bad Faith Insurance Practices -- 42 Pa.C.S. § 8371)**

Allstate asserts that Plaintiff's claim for bad faith under 42 Pa.C.S. § 8371 should be dismissed because "the Complaint is void of any factual support for this claim and simply avers boilerplate conclusions of law."  Br. in Supp. 2, ECF No. 7.  More specifically, Allstate asserts that Plaintiff fails to plead facts sufficient to establish that Allstate lacked a reasonable basis for denying Plaintiff's claim and knew or recklessly disregarded its lack of a reasonable basis in denying Plaintiff's claim.  *Id.* at 4.  Allstate further argues that a delay between a demand for UIM benefits and a settlement does not constitute bad faith if the delay is attributed to the need to investigate further.  *Id.* at 6.  In opposing the Motion to Dismiss and in describing the essential facts supporting his bad faith claim, Plaintiff provides: "Allstate failed to communicate with

6

Plaintiff's counsel for years, failed to perform an independent investigation, and based its evaluation purely on self-interest and a desire to avoid paying benefits, rather than the medical evidence and opinions provided to it." Br. in Opp'n 11, ECF No. 11.

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured," the Court may award the relief set forth in 42 Pa.C.S.A. § 8371. In addressing the elements of a statutory bad faith claim, the Supreme Court of Pennsylvania has explained:

> In order to recover in a bad faith action, the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis. Additionally, we hold that proof of an insurance company's motive of self-interest or ill-will is not a prerequisite to prevailing in a bad faith claim under Section 8371, as argued by Appellant. While such evidence is probative of the second *Terletsky* prong, we hold that evidence of the insurer's knowledge or recklessness as to its lack of a reasonable basis in denying policy benefits is sufficient.

*Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017). "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. 2006) (citing *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. 2000)). An insured must set forth more than "'bare-bones' conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss." *Kosmalski v. Progressive Preferred Ins.*, No. CV 17-5726, 2018 WL 2045827, at *2 (E.D. Pa. May 2, 2018).

An insurer's "failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith." *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012). "Pennsylvania courts have recognized an insurer's right to investigate and evaluate UIM claims." *Higman v. State Farm Mut. Auto. Ins. Companies*, No. 2:18-CV-00662,

2018 WL 5255221, at *4 (W.D. Pa. Oct. 22, 2018).  A plaintiff may, however, "make a claim for bad faith stemming from an insurer's investigative practices, such as a 'lack of a good faith investigation into facts, and failure to communicate with the claimant.'"  *Meyers v. Protective Ins. Co.*, No. 3:16-CV-01821, 2017 WL 386644, at *6 (M.D. Pa. Jan. 27, 2017) (quoting *Romano v. Nationwide Mut. Fire Ins. Co.*, 646 A.2d 1228, 1232 (Pa. Super. 1994)).  "Delay is a relevant factor in determining whether bad faith has occurred, but a long period of time between demand and settlement does not, on its own, necessarily constitute bad faith . . . [I]f delay is attributable to the need to investigate further or even to simple negligence, no bad faith has occurred."  *Rowe v. Nationwide Ins. Co.*, 6 F. Supp. 3d 621, 634 (W.D. Pa. 2014) (quoting *Kosierowski v. Allstate Ins. Co.*, 51 F.Supp.2d 583, 588–89 (E.D.Pa.1999) *aff'd*, 234 F.3d 1265 (3d Cir. 2000)).

Initially, the Court agrees with Allstate that the averments set forth by Plaintiff at ¶¶ 47(a)-(q) of the Complaint fail to set forth factual support for Plaintiff's bad faith claim, and instead simply set forth boilerplate conclusions of law, as this Court has previously held in a different case featuring similar, if not identical, averments.  *See Wingrove v. Nationwide Prop. & Cas. Ins. Co.*, No. 2:21-CV 00940, 2022 WL 912590, at *6 (W.D. Pa. Mar. 28, 2022).  While a close call, the Court finds that Plaintiff has, elsewhere in his Complaint, pled sufficient facts such that his bad faith claim may survive at this stage of the proceedings, where the Court must construe the facts in a light most favorable to Plaintiff.

Specifically, Plaintiff has alleged that he first submitted a notice of his underinsured motorist claim to Allstate in February of 2017.  He apparently heard nothing from Allstate until his counsel, despite not being required to do so, sent a detailed packet of information regarding Plaintiff's UIM claim to Allstate in May of 2021.  Only then did Allstate respond to the claim,

8

more than four years after receiving notice, by merely summarily denying the claim without explanation or analysis a few days later.

At this time, it is simply unclear what resulted in the four-year delay described in Plaintiff's Complaint, and the Court thus cannot determine whether the delay constitutes bad faith.  Plaintiff avers that Allstate conducted no investigation of its own for a period of years, and then simply relied on information submitted by Plaintiff to deny Plaintiff's claim.  The Court believes that this issue is more appropriate for consideration following discovery in this matter, and Allstate's Motion to Dismiss will be denied as to Count II.

### B.  Count IV (Unfair Trade Practices)

Allstate argues that Plaintiff's claim for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") should be dismissed because it is based upon post-contract formation conduct, and thus fails to state a claim under the UTPCPL.  Allstate asserts that Plaintiff's UTPCPL claim is plainly related only to Allstate's alleged failure to conduct a full, prompt, and fair evaluation of Plaintiff's UIM claim, and argues that such allegations are related only to claim handling, not to the sale of an insurance policy.  *Id.* at 9.  In support of his claim under the UTPCPL, Plaintiff asserts that "Allstate is liable under the UTPCPL for the misrepresentations made to Plaintiff at the time the applicable policy was sold to him, to the effect that Plaintiff's future claims would be handled in a timely, fair manner—promises which Defendant Allstate never intended to fulfill."[2]  Br. in Opp'n 11, ECF No. 11.

With respect to UTPCPL claims involving an insurance contract, the United States District Court for the Eastern District of Pennsylvania has explained as follows:

> To establish a claim under the UTPCPL, a plaintiff must prove: (1) he or she purchased or leased goods or services; (2) the goods or services were primarily for

---

[2] It bears noting that the Plaintiff alleges that the Policy at issue was sold to Plaintiff's *father*, and not the Plaintiff himself.

9

personal, family or household purposes; and (3) the plaintiff suffered an ascertainable loss as a result of the defendant's unlawful, deceptive act. 73 P.S. § 201–9.2(a). The plaintiff must show that the loss was caused by his or her justifiable reliance on the deceptive conduct. *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir.2008) (citing *Schwartz v. Rockey*, 593 Pa. 536, 932 A.2d 885, 897 n.16 (2007); [*Toy v. Metro. Life Ins. Co.*, 593 Pa. 20, 928 A.2d 186, 202 (2007)]; *Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479, 854 A.2d 425, 438 (2004)).

The insurance bad faith statute applies to post-contract formation conduct. The UTPCPL, on the other hand, applies to conduct surrounding the insurer's pre-formation conduct. The UTPCPL applies to the sale of an insurance policy. It does not apply to the handling of insurance claims. *Gibson v. Progressive Specialty Ins. Co.*, No. 15–1038, 2015 WL 2337294, at *4 (E.D.Pa. May 13, 2015). Rather, § 8371 provides the exclusive statutory remedy applicable to claims handling. *Id.*; *Bodnar v. State Farm Mut. Ins. Co.*, No. (C.P. Allegheny Oct. 21, 2008). Hence, an insured cannot bring an action under the UTPCPL based on the insurer's failure to pay a claim or to investigate a claim. *Nordi v. Keystone Health Plan W., Inc.*, 989 A.2d 376, 385 (Pa.Super.2010); *Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir.1995) (citing *Gordon v. Pa. Blue Shield*, 378 Pa.Super. 256, 548 A.2d 600, 604 (1988)).

*Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 564–65 (E.D. Pa. 2016); *see also Wenk v. State Farm Fire & Cas. Co.*, 228 A.3d 540, 550 (Pa. Super. 2020) ("The UTPCPL applies to the sale of an insurance policy, it does not apply to the handling of insurance claims, as alleged herein." (citing *Neustein v. Government Employees Insurance Co.*, 2018 WL 6603640 at *2 (W.D. Pa. filed November 29, 2018))).

Plaintiff fails to state a claim for a violation of the UTPCPL. Even interpreting the facts in a light most favorable to Plaintiff, as the Court must do at this stage, Plaintiff's allegations clearly relate only to Allstate's handling of Plaintiff's UIM claim under the Policy, and not to the sale of the Policy itself. Plaintiff fails to identify a single *specific* misrepresentation made by Allstate or an Allstate employee at the time that Allstate sold the Policy to Plaintiff (or Plaintiff's father). Rather, Plaintiff simply points to the terms of the Policy in arguing that Allstate misrepresented that it would comply with the terms of the Policy. *See* Br. in Opp'n 9, ECF No. 11 ("Defendant, in selling the applicable policy to Plaintiff, which included underinsured motorist benefits,

10

represented to Plaintiff that Plaintiff's benefits would be paid promptly, and without dilatory conduct on the part of Defendant." (emphasis omitted)); *see also id.* at 11 (asserting that Allstate promised it would handle claims "in a timely, fair manner."). Section 8371 provides the exclusive statutory remedy applicable to claims handling. *Kelly*, 159 F. Supp. 3d at 564. Because Plaintiff's allegations relate only to the manner in which Allstate handled Plaintiff's insurance claim, the Court will grant the Motion to Dismiss with respect to Count IV. Because the Court finds that amendment of this claim would be futile, the Court will dismiss Count IV with prejudice.

### IV.    Conclusion

For the reasons discussed above, the Court will grant Allstate's Motion to Dismiss as to Counts III, IV, and V, and Counts III, IV, and V will be dismissed with prejudice. The Court will deny Allstate's Motion to Dismiss as to Count II. An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: December 14, 2023

cc: All counsel of record